{¶ 21} I respectfully dissent from the majority's decision to modify Armetta's sentence. This is a case where there was no mandatory prison time nor was there a mandatory community controlled sanction. In other words, Armetta's sentence was entirely discretionary with the court and is subject to review only as being contrary to law. The majority's belief that a lesser sentence would not have demeaned the seriousness of the offense is nothing more than a substitution of the majority's judgment for that of the trial judge.
 {¶ 22} Moreover, there was nothing improper with the court's decision to credit Stankus' statement that she had heard Armetta continued to race his car. In State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, ¶ 12, we explained that the court could consider for sentencing purposes statements that referenced facts that were pertinent to the underlying conviction. The victim's hearsay statement that she learned Armetta had continued drag racing after the offense were directly relevant to the conviction for vehicular assault and the true nature of his remorse.